**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **STEPHANIE LOPEZ, individually and on behalf of all other similarly situated persons,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**EZCORP, INC. and TEXAS EZPAWN, L.P.,**<br><br>**Defendants.** | **COLLECTIVE ACTION COMPLAINT**<br><br>**Case No. 1:22-cv-889** |

Plaintiff Stephanie Lopez, individually and on behalf of all other similarly situated current and former employees of Defendants brings this nationwide Collective Action and alleges as follows:

**OVERVIEW**

1.      Lopez ("Named Plaintiff") brings claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* to recover unpaid overtime compensation. She brings this nationwide claim as a collective action on behalf of herself and all hourly workers ("Pawnbrokers") employed by Defendant EZCorp, Inc., and its subsidiaries, who: worked in a pawnshop within the three (3) years preceding the filing of a consent to sue, worked more than 40 hours in a workweek, and received bonuses and/or commissions.

2.      Lopez claims Defendants failed to include bonuses and commissions in the regular rate for the purposes of calculating overtime pay for all hours worked over 40 in a workweek. As a result, Defendants failed to pay Pawnbrokers, including Lopez, time and one-half the regular rate for all hours worked over 40 in a workweek.

1

3.     Lopez also claims that Defendants regularly failed to pay Pawnbrokers for all overtime hours worked.

## JURISDICTION AND VENUE

4.     This Court has personal jurisdiction over Defendants who reside and conduct ongoing business in this District.

5.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States. Specifically, this collective action is brought under 29 U.S.C. § 216(b) of the FLSA.

6.     This Court has subject matter jurisdiction under 28 U.S.C. § 1337 because the claims arise under federal laws regulating commerce.

7.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the cause of action arose in this District, many Plaintiffs reside in this District, and Defendants reside in this District.

## PARTIES

**Plaintiffs**

8.     Lopez's written consent to be a party to this action is attached.

9.     Lopez resides in Houston, Texas.

10.    Lopez worked for EZCorp as a Pawnbroker from approximately March 2021 until June 2022.

11.    Lopez worked for Defendants in Houston, Texas.

12.    The term "Plaintiffs" as used in this complaint refers to the Named Plaintiff and any and all putative FLSA Class Member, as defined below.

**Defendants**

13.     EZCorp, Inc. is a leading provider of pawn services in the United States.

14.     EZCorp, Inc. provides pawn services throughout the United States, including in: Alabama, Arizona, Arkansas, Colorado, Florida, Georgia, Hawaii, Illinois, Indiana, Iowa, Idaho, Kansas, Minnesota, Missouri, Oklahoma, Oregon, South Dakota, Tennessee, Utah, Wisconsin, and Nevada.

15.     EZCorp, Inc. is a Delaware corporation headquartered in Rollingwood, Texas.

16.     EZCorp, Inc.'s headquarters are located at 2500 Bee Cave Rd, Bldg 1, Ste 200, Rollingwood, Texas 78746.

17.     EZCorp, Inc. is traded on the NASDAQ under the symbol EZPW and is a member of the Russell 2000 Index, S&P 1000 Index and Nasdaq Composite Index.

18.     According to its website, under its Company Overview, EZCorp, Inc. "currently operates pawn stores in the United States, primarily under the brand names EZPAWN and Value Pawn & Jewelry, which specialize in offering pawn loans and selling pre-owned merchandise."

19.     According to its Form 10-K, the Annual Report for fiscal year ending on September 30, 2021 filed with United States Securities and Exchange Commission (hereafter "September 2021 SEC Annual Report"), EZCorp, Inc. operates more than 500 pawn stores in the United States, including over 200 in Texas.

20.     According to its website, under its Company Overview, EZCorp, Inc.'s brands include: EZPawn, Value Pawn & Jewelry, USA Pawn and Jewelry Company, CashConverters, Cash Pawn, Ea$ypawn, Easy$ Cash Pawn, EZ Jewelry & Loan, Jerry's Pawn Shop, Max it Pawn, EZ Cash Metro Pawn, Pawn Plus, Premier Pawn & Jewelry.

21.   According to its website, under Careers at EZCorp, Inc., it recruits "Team Members" for its "locations" across the US on its website.

22.   Texas EZPawn, L.P. is a subsidiary of EZCorp, Inc.

23.   Texas EZPawn, L.P. headquarters are located at 2500 Bee Cave Rd, Bldg 1, Ste 200, Rollingwood, Texas 78746.

24.   Upon information and belief, EZCorp, Inc. operates subsidiaries in the other states in which it does business.

25.   Plaintiffs bring Fair Labor Standards Act claims against Texas EZPawn, L.P. for Pawnbrokers who worked in Texas.

## FLSA COVERAGE

26.   At all times hereinafter mentioned, Defendants are and have been an employer within the meaning of 29 U.S.C. § 203(d).

27.   At all times hereinafter mentioned, Defendants are and have been an enterprise within the meaning of 29 U.S.C. § 203(r).

28.   At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000, both individually and collectively (exclusive of excise taxes at the retail level which are separately stated).

29.   At all times hereinafter mentioned, Plaintiffs were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

## FACTS

30.   Plaintiffs were employed by EZCorp, Inc. and the applicable subsidiary, including Texas EZPawn, L.P.

31.   According to its September 2021 SEC Annual Report, EZCorp, Inc. employs approximately 6,500 workers, including Pawnbrokers, throughout the United States and Latin America.

32.   According to its website, EZCorp. recruits and employs Pawnbrokers who work in EZCorp, Inc's stores across the United States.

33.   Upon information and belief, EZCorp, Inc. establishes the employee policies and practices, including the employee code of conduct, applicable to Pawnbrokers.

34.   Upon information and belief, EZCorp., Inc. hires and promotes Pawnbrokers.

35.   According to its September 2021 SEC Annual Report, EZCorp, Inc. provides training for Pawnbrokers, which includes an "onboarding program that blends online and hands-on training in the art and science of pawnbroking"; "[c]areer path programs aligned with [its] talent and succession strategy, emphasizing career progression and individual development programs"; and "[a] learning experience that unlocks and accelerates Team Member potential as well as business growth."

36.   According to its September 2021 SEC Annual Report, EZCorp, Inc. maintains "an Ethics Hotline available to all Team Members and external stakeholders to report (anonymously if desired) any matter of concern."

37.    Upon information and belief, EZCorp, Inc. develops and implements compensation programs and structures for Pawnbrokers.

38.    Plaintiffs held positions such as Pawnbrokers, Inventory Specialist, Firearm Specialists, Certified Pawnbrokers, and Lead Pawnbrokers.

39.    Lopez worked for Defendants as a Trainee and Pawnbroker.

40.    Defendants classified Pawnbrokers, including Lopez, as non-exempt employees under the Fair Labor Standards Act.

41.    Pawnbrokers, including Lopez, regularly worked more than 40 hours a week.

42.    For example, during the pay period of June 28, 2021, to July 11, 2021, Defendants paid Lopez for 0.94 overtime hours (hours over 40 in a workweek). And during the pay period of May 2, 2022 to May 15, 2022, EZCorp paid Lopez for 1.85 overtime hours.

43.    Defendants paid Pawnbrokers, including Lopez, an hourly rate plus bonuses and commissions.

44.    Defendants paid Pawnbrokers bonuses based on the stores in the district meeting certain criteria.

45.    Defendants paid Pawnbrokers commissions based on the items Pawnbrokers sold.

46.    For example, Defendants paid Lopez $12.50 per hour and a $100.64 bonus during the pay period of June 28, 2021, to July 11, 2011. And it paid her the same hourly rate and a $172.09 bonus during the pay period of May 2, 2022, to May 15, 2022.

47.    Defendants paid Pawnbrokers 1.5 times their hourly rate for any hours worked over 40 in a workweek without accounting for bonuses and commissions. For example, Defendants paid Lopez 1.5 times $12.50 per hour or $18.75 for each hour she worked over 40 in a workweek.

48. Defendants failed to include the bonuses and commissions in the Pawnbrokers' regular rate for overtime pay purposes. For example, Lopez received a bonus and/or commission in the amount of $100.64 during the pay period June 28, 2021 to July 11, 2011, and during May 2, 2022 to May 15, 2022, she received a $172.09 bonus. However, Defendants failed to include the bonuses and commissions in her regular rate for overtime pay purposes. Thus, Defendants failed to pay Lopez for all of her overtime wages.

49. Moreover, Defendants failed to pay Pawnbrokers, including Lopez, for all hours worked over 40 in a workweek.

50. Lopez regularly worked through her lunch hours. When she did, she did not punch-out and back in. However, her supervisor changed her electronic timecard and deducted time.

51. Lopez also traveled between stores to perform work. When she did, her supervisors required that she clock out at the store she was leaving, and clock back in at the next store. Defendants failed to pay her for the travel time in between.

52. Upon information and belief, supervisors regularly manipulated Pawnbrokers' timecards, deducted time from Pawnbrokers' work hours, and/or required Pawnbrokers to clock out for short breaks that are compensable under the FLSA.

53. As a result, Defendants failed to pay Pawnbrokers, including Lopez, for all of the hours they worked over forty hours in a workweek at the rate of time and one-half their regular rate.

54. Upon information and belief, Defendants subjected other current and former Pawnbrokers to the same payroll practices described above.

55. Defendants willfully violated the FLSA.

56. Defendants knew or should have known that they were required to comply with the FLSA.

57. Upon information and belief, Defendants knew of their obligations under the FLSA.

58. Upon information and belief, Defendants knew that they classified Pawnbrokers as non-exempt employees under the FLSA.

59. Upon information and belief, Defendants knew or should have known that they must comply with overtime pay provisions of the FLSA.

60. Upon information and belief, Defendants knew or should have known that they must pay Pawnbrokers time and one-half the regular rate for all hours worked over 40 in a workweek.

61. As a result of this knowledge and disregard of their obligations under the FLSA, Defendants willfully violated the law.

## COLLECTIVE ACTION DEFINITION

62. The Named Plaintiff brings this case as a collective action under 29 U.S.C. § 216(b), comprised of:

> All current or former hourly workers employed by EZCorp, Inc., including any subsidiaries, who worked in a pawn store, within the three years preceding the filing of a consent to sue, worked more than 40 hours in a workweek, and received bonuses and/or commissions. ("FLSA Class Members").

63. Defendants are liable under the FLSA for failing to include the bonuses and commissions in the regular rate for overtime pay purposes.

64. The Named Plaintiff and the FLSA Class Members work or have worked for Defendants and have been subjected to Defendants' policy and pattern or practice of failing to pay time and one-half the regular rate for all hours worked in excess of 40 hours per week.

65. The Named Plaintiff's claim for overtime pay is similar to the claim of other FLSA Class Members and their claims depend on similar factual and legal questions including, but not limited to, whether Pawnbrokers worked more than 40 hours in a workweek; whether

Pawnbrokers received bonuses and commissions; and whether EZCorp. failed to include bonuses and commissions in Pawnbrokers' regular rate for the overtime pay calculation.

66.     There are numerous similarly situated employees who have been underpaid and injured in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join it. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records. Notice should be sent to the FLSA Class pursuant to 29 U.S.C. § 216(b).

**FIRST CAUSE OF ACTION**
**(FAIR LABOR STANDARDS ACT: UNPAID OVERTIME WAGES)**

67.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

68.     Defendants failed to pay all overtime wages to the Named Plaintiff and the FLSA Class Members for all hours worked over forty (40) in a workweek as required by the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and its implementing regulations.

69.     Defendants' failure to pay proper overtime wages for each hour worked over forty (40) per week was willful within the meaning of the FLSA.

70.     Defendants' failure to comply with the FLSA overtime protections caused the Named Plaintiff and the FLSA Class Members to suffer loss of wages and interest thereon, and they are entitled to recovery of unpaid overtime wages, liquidated damages, prejudgment interest, attorneys' fees, costs, and any other compensation pursuant to 29 U.S.C. § 201, *et seq*.

**RELIEF SOUGHT**

**WHEREFORE**, the Named Plaintiff prays for judgment against Defendants as follows:

71.     For an Order recognizing this proceeding as a collective action under § 216(b) of the FLSA and ordering notice to the FLSA Class Members at the earliest opportunity to ensure class their claims are not lost to the FLSA statute of limitations;

72.     For an Order finding Defendants liable for unpaid back wages due to the Named Plaintiff and the FLSA Class Members and for liquidated damages equal in amount to the unpaid compensation found due Plaintiffs under the FLSA;

73.     For an Order awarding the Named Plaintiff and the FLSA Class Members the costs of this action as provided under the FLSA;

74.     For an Order awarding the Named Plaintiff and the FLSA Class Members their attorneys' fees as provided under the FLSA;

75.     For an Order awarding the Named Plaintiff and the FLSA Class Members pre-judgment and post-judgment interest at the highest rates allowed by law; and

76.     For an Order granting such other and further relief as may be necessary and appropriate.


Dated:   September 2, 2022

Respectfully Submitted,

/s/ Austin Kaplan
Austin Kaplan
Bar No. 24072176
Trenton Lacy 24106176
KAPLAN LAW FIRM, PLLC
3901 S Lamar Blvd., Suite 260
Austin, TX 78704
Tel: 512-553-9390
Fax: 512-692-2788
akaplan@kaplanlawatx.com
tlacy@kaplanlawatx.com

Karen Kithan Yau (pro hac vice application to be filed)
Matt Dunn (pro hac vice application to be filed)
GETMAN, SWEENEY & DUNN, PLLC
260 Fair Street
Kingston, NY 12401
Tel: (845) 255-9370
Fax: (845) 255-8649
Email: mdunn@getmansweeney.com
Email: kyau@getmansweeney.com