IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| STEPHANIE LOPEZ, individually and on behalf of all other similarly situated persons,<br><br>                            Plaintiffs,<br><br>v.<br><br>EZCORP, INC. and TEXAS EZPAWN, L.P.,<br><br>                            Defendants. | Case No. 1:22 cv 889 |

**JOINT MOTION FOR SETTLEMENT APPROVAL
AND DISMISSAL WITH PREJUDICE**

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiffs Stephanie Lopez and Jazmin Alvarado ("Plaintiffs") and Defendants EZCORP, Inc. and Texas EZPAWN, L.P. ("Defendants") (collectively, "the Parties"), file this Joint Motion for Approval of Settlement and hereby submit a true and correct copy of their settlement agreement as Exhibit A to this motion. In support of a finding of fairness, the Parties show the following:

1. On September 2, 2022, Plaintiff Lopez filed this Collective Action alleging that Defendants violated her rights under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), by failing to pay her for, among other things, interrupted breaks of less than twenty minutes at Defendant Texas EZPAWN, L.P.'s store located at 4716 Telephone Road, Houston, Texas 77087. Dkt. 1 at ¶ 68.

2. On July 14, 2023, Plaintiff Jazmin Alvarado filed an opt-in notice. Dkt. 26.

3. Counsel for the Plaintiffs has conducted a thorough investigation and evaluation of the facts in this matter, including those contained in verified hours reports, bonus records, payroll records, and other records produced in response to written discovery and has diligently pursued an

investigation of the Plaintiffs' claims against Defendants. Based on this thorough investigation and evaluation, counsel for the Plaintiffs believes the terms set forth in the Settlement Agreement are fair, reasonable, adequate, and in the best interests of the Plaintiffs considering all of the known facts and circumstances, including the number of Opt-In Plaintiffs, the complexity and likely duration of the litigation, the range of possible recovery, and the Defendants' defenses.

4.   Both counsel for the Plaintiffs and counsel for the Defendants have vigorously pursued their positions and the rights of their clients through extended legal and factual analysis, exchange of information, and settlement discussions to achieve a compromise and settlement of the claims asserted in this matter.

5.   To avoid the uncertainties and costs of litigation, the Parties resolved their bona fide disputes via arms-length adversarial negotiations through their respective attorneys.

6.   There is a "strong presumption" in favor of finding an FLSA settlement fair and reasonable. *See, e.g.*, *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 720 (E.D. La. 2008). The circumstances of the settlement at issue warrant approval because the settlement agreement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Stanley v. Patriot Inspection Servs., Inc.*, No. 6-20-CV-00283-ADA, 2021 WL 256821, at *1 (W.D. Tex. Jan. 26, 2021)(J. Albright)(citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982)). First, there exists "bona fide disputes" concerning: (i) compensable break periods; (ii) the number of hours plaintiffs claim to have worked, including off-the-clock work plaintiffs allege to be compensable; and (iii) the availability of any *de minimis* defense to Defendants. Secondly, this settlement agreement represents a fair and reasonable resolution. Indeed, in this case the settlement provides each Plaintiffs full payment for the alleged, non-*de minimis* interrupted breaks they claim to have experienced, liquidated and with prejudgment interest applied. *Martin v. Spring Break '83*

*Prods., L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012) (citing *Thomas v. Louisiana*, 534 F.2d 613, 615 (5th Cir. 1976)).

7. A service payment to Stephanie Lopez is warranted to compensate her for her assistance in developing and prosecuting this case. "Federal courts have repeatedly approved incentive awards in class action lawsuits to compensate plaintiffs for the services that they provide in the suit and the burdens that they shouldered during the litigation." *Welsh v. Navy Fed. Credit Union*, No. 5:16-CV-1062-DAE, 2018 WL 7283639, at *15 (W.D. Tex. Aug. 20, 2018). *See also DeHoyos v. Allstate Corp.*, 240 F.R.D. 269, 339–40 (W.D. Tex. 2007) (finding that "compensation is justified in light of the named plaintiffs' willingness to devote their time and energy to this civil rights representative action and reasonable in consideration of the overall benefit conferred on the settlement class"). Here, a service payment to Ms. Lopez is justified given that she incurred significant risk in "initiating and prosecuting [this] class action case[] in [her] own name," participated in numerous discussions with plaintiff's counsel to develop the facts and claims in this case, provided personal documents and records, responded to requests for production, interrogatories, and requests of admission propounded by Defendants, was willing to make herself available for a deposition, and actively participated in settlement discussions. *Welsh*, 2018 WL 7283639, at *15. Her contributions to the case enabled the Parties to reach a fair and reasonable resolution of the claims.

8. The attorneys' fee payment provided for in the settlement agreement is separate from the payments to Plaintiffs and did not reduce the payments to Plaintiffs described above. Plaintiffs are well-respected attorneys who routinely handle collective actions under the Fair Labor Standards Act and represent they have maintained detailed, contemporaneous records of costs incurred and the time spent on each task necessary to the prosecution and resolution of this matter. Moreover, the fee amount reflected in the agreement represents a significant reduction in the

number of hours Plaintiffs' counsel spent in connection with this matter so as to facilitate resolution.

## CONCLUSION

WHEREFORE, premises considered, the Parties jointly request that the Court approve their settlement agreement and enter an order dismissing this matter with prejudice.

Respectfully submitted,

| ATTORNEYS FOR PLAINTIFFS | ATTORNEYS FOR DEFENDANTS |
|---|---|
| */s/ Karen Kithan Yau* | /s/ *Jason S. Boulette* |
| Karen Kithan Yau | Jason S. Boulette |
| kyau@getmansweeney.com | State Bar No. 90001846 |
| Emily Sullivan | jason@boulettegolden.com |
| esullivan@getmansweeney.com | Taylor J. Graham |
| GETMAN, SWEENEY & DUNN, PLLC | State Bar No. 24099023 |
| 260 Fair Street | taylor@boulettegolden.com |
| Kingston, NY 12401 | BOULETTE GOLDEN & MARIN L.L.P. |
| Tel: (845) 255-9370 | 2700 Via Fortuna, Suite 250 |
| Fax: (845) 255-8649 | Austin, Texas 78746 |
| | Tel: (512) 732-8901 |
| Austin Kaplan | Fax: (512) 551-9602 |
| State Bar No. 24072176 | |
| akaplan@kaplanlawatx.com | |
| Trenton Lacy | |
| State Bar No. 24106176 | |
| tlacy@kaplanlawatx.com | |
| KAPLAN LAW FIRM, PLLC | |
| 3901 S. Lamar Blvd., Suite 260 | |
| Austin, TX 78704 | |
| Tel.: 512-553-9390 | |
| Fax: 512-692-2788 | |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 20, 2024, the above document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Jason S. Boulette*
Jason S. Boulette